IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IRON CROSS AUTOMOTIVE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-CV-535-JED-PJC |
| v. ) | |
| ) | |
| RAMPAGE PRODUCTS, LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

The Court has for its consideration the Motion to Transfer Venue (Doc. 34) filed by the defendant, Rampage Products, LLC ("Rampage"). Plaintiff, Iron Cross Automotive, Inc. ("Iron Cross") filed an Objection (Doc. 39), and Rampage filed a Reply Brief (Doc. 42). By its motion, Rampage requests that the Court transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a), in the interest of justice and for the convenience of the parties and witnesses.

**I.    Background**

On October 27, 2010, Iron Cross, an Oklahoma corporation with its principal place of business in Sapulpa, Oklahoma, acquired three patents: U.S. Patent No. 7,360,779 (issued in April 2008); and U.S. Design Patents, Nos. D535,928 (issued in January 2007) and D567,729 (issued in April 2008). (Doc. 2-1 at 1-3, 7, 30). Each of the patents relates to a vehicle step rail. (*Id.*). Rampage manufactures and sells parts and accessories for certain vehicles. (Doc. 34 at 1). Iron Cross alleges that at least one of Rampage's products, a step rail product identified as a Streamline Bar, constitutes patent infringement and trade dress infringement. (Doc. 2 at 3-6).

Rampage is a California limited liability company with business operations in Corona, California, within the Central District of California, and Rampage manufactures the allegedly

infringing product(s) there. Rampage asserts that this action should be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice. Rampage asserts that transfer is appropriate because the inventor of the patents-in-suit resides in California, all of Rampage's 13 employees reside in California, the alleged infringing product is manufactured in California, and several important third party witnesses reside in California who will allegedly provide testimony supporting Rampage's defense of patent invalidity. (*See* Doc. 34 at 3-4). In contrast, Rampage notes that the only connection to Oklahoma is that Iron Cross recently purchased the patents and is located in Oklahoma. (*Id.* at 4).

In response to the request to transfer venue, Iron Cross relies principally upon the fact that Iron Cross chose Oklahoma as the forum for the case and that choice of forum is entitled to deference. Iron Cross does not identify any third party witnesses who are present in Oklahoma,[1] and does not directly dispute Rampage's submission that numerous third party witnesses are in California. Rather, Iron Cross suggests that any witnesses in California may be provided by video deposition.

## II.     Standards Governing Motions to Transfer

The applicable statute provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Congress enacted the statute to allow "easy change of venue within a unified federal system." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d

---

[1] To the extent that Iron Cross intends to call any of the third party witnesses to whom it previously issued subpoenas (which were subsequently withdrawn), none of those witnesses are located in Oklahoma. Rather, they are located in California, Georgia, Illinois, Indiana, Ohio, and Pennsylvania. (*See* Doc. 39-2 at Exhibit 5).

1509, 1515 (10th Cir. 1991) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)). The party moving to transfer a case pursuant to § 1404(a) has the burden to establish that the suit should be transferred; that is, that the existing forum is inconvenient. *Wm. A. Smith Contracting Co., Inc. v. Travelers Indemnity Co.*, 467 F.2d 662, 664 (10th Cir. 1972); *Chyrsler*, 928 F.2d at 1515; *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

The transfer of venue statute (§ 1404(a)) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler*, 928 F. 2d at 1516. The discretionary factors considered include: plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical. *Id.* (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)); *Employers Mut. Co. v. Bartile Roofs*, 618 F.3d 1153, 1167-68 (10th Cir. 2010). A court should not transfer venue merely to shift the inconvenience from one party to another. *Bartile Roofs*, 618 F.3d at 1168. An action may be transferred under § 1404(a) at any time during the pendency of the action. *Chrysler*, 928 F.2d at 1516.

### III. Discussion

It is undisputed that this case could have been brought in the Central District of California (as is required to transfer the case under § 1404(a)), because the defendant, Rampage,

is located there. 28 U.S.C. § 1404(a); *see id.*, § 1391(b) (allowing venue in any judicial district where defendant resides or where a substantial part of the events giving rise to the claim occurred); *id.*, § 1400(b) (civil action for patent infringement may be brought in the district where defendant resides or where defendant has committed acts of infringement and has a regular and established place of business).

There being no dispute that the case could have been brought in the Central District of California, the determination of the motion here thus turns on the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In support of its request for transfer to the Central District of California, Rampage has asserted the following, supported by affidavit: (1) Ramage is located, operates its business, and manufactures the accused products in the Central District of California; (2) the inventor of the three patents-in-suit resides in Yorba Linda, California, within the Central District of California; (3) all of Ramage's company witnesses, sales records and documents relating to the claimed infringing products are within the Central District of California; (4) Rampage intends to rely upon the trial testimony of another Central District of California resident, Bill Cord, who Rampage believes will provide testimony that Berryman Products (the original assignee of two of the patents) and other entities publicly used, offered for sale, and sold the patented invention and designs more than one year before the application dates of the patents-in-suit; (5) several other third-party witnesses likely to provide relevant testimony reside in California, including Dave Williams of Lake Elsinore, California (head of aftermarket sales for Berryman Products), Dean Lueck, of Villa Park, California (president of Steelhorse Automotive, which Ramage asserts to have sold the accused invention and designs more than a year before the effective application dates), two other employees of Steelhorse, and Jeff Jacobson, of Newport Beach, California, who allegedly has similar

information; and (6) Rampage is unable to compel all of the third party witnesses to Oklahoma, and reliance upon depositions for all of those witnesses would be an ineffective means of presenting Rampage's defenses, including patent invalidity.  Rampage asserts that these factors weigh strongly in favor of transfer, in contrast to the only connection to Oklahoma, which is Iron Cross's location in Sapulpa, Oklahoma.

In response, Iron Cross principally argues that its choice of its home forum is entitled to great deference and that Rampage has not shown enough to shift the scales in favor of transfer.  Iron Cross also argues that the Court should not simply shift the inconvenience to Iron Cross.

The Court finds Rampage's arguments more persuasive.  If a plaintiff's choice of home forum were determinative (as Iron Cross suggests), there would be no necessity for a balancing of the *Chrysler* factors.  Numerous courts have transferred cases under 28 U.S.C. § 1404(a), notwithstanding that plaintiff filed in its home forum.  It is undisputed that Ramage is located in the Central District of California, operates business and manufactures the accused products there, and that the inventor of the patents, as well as several witnesses (including Rampage's own employees), are located there.  Some of those witnesses are third party witnesses who are not subject to compulsory process in Oklahoma such that their testimony would have to be presented only by deposition.  By comparison, Iron Cross has not identified any third party witnesses in Oklahoma, and has not suggested that there are any witnesses who would be unwilling to testify in California if this matter were transferred.  In essence, the only argument for maintaining this action here is that Iron Cross elected to file it here, in its home district.  As Rampage notes, Iron Cross acquired the patents-in-suit in 2010, whereas the inventor, both at the time of invention and now, lives in California, the allegedly infringing activity (the design, manufacture and sale

of the accused products) is centered in California, and third party witnesses who may testify to prior sales of the design and product are located in California.

The Tenth Circuit has determined that, "unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *Wm. A. Smith Contracting*, 467 F.2d at 664). However, courts "also accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *Bartile Roofs,* 618 F.3d at 1168 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)). Moreover, in this Circuit, the "convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Bartile Roofs*, 618 F.3d at 1169 (quoting *Cook*, 816 F. Supp. 16 669).

Here, Rampage has specified by name and residence a number of witnesses who are located in California, and has identified the expected subject matters and materiality of their testimony to the patents-in-suit and alleged infringement. Rampage has also provided information that the use of compulsory process would likely be necessary with respect to at least some of those witnesses, and that presenting all of those witnesses' testimony by deposition would be unsatisfactory. This showing satisfies the requirements set forth in *Bartile Roofs* to establish inconvenience of witnesses. *See id.* at 1169.

Based upon the foregoing, the Court finds that the balance is strongly in favor of Rampage's motion to transfer. While Iron Cross acquired the patents-in-suit in 2010 and is located in this District, the facts in the record do not establish any other significant connection to Oklahoma that would require the Court to find that Iron Cross's choice of forum must trump the other factors establishing that transfer is proper for convenience of the witnesses, as well as for

Rampage.  *See id.* at 1168.  The other *Chrysler* factors are either neutral or not helpful to Iron Cross.

In consideration of all of the *Chrysler* factors, the Court finds and concludes that this case should be transferred to the Central District of California.

IT IS THEREFORE ORDERED that the Motion to Transfer Venue (Doc. 34) is hereby **granted**.  The Court Clerk is directed to **transfer** this case to the United States District Court for the Central District of California.

DATED this 30th day of September, 2013.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE